UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 1:25-cv-22860-EA

**Albert J. Santoro, Esq.,**

    Plaintiff,

v.

**Brian L. Tannebaum, Esq.,**
**Et al.,**

    Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

This cause comes before the Court on a motion to dismiss [ECF No. 161]. Having carefully considered the record and the arguments submitted, the Court grants the motion.

In the operative complaint, the plaintiff has alleged 17 causes of action against a multitude of defendants for a wide-range of allegedly wrongful acts: (1) Federal RICO ("Count 1"), (2) conspiracy to commit Federal RICO ("Count 2"), (3) Florida RICO ("Count 3"), (4) conspiracy to commit Florida RICO ("Count 4"), (5) conspiracy to defame the plaintiff ("Count 5"), (6) abuse of judicial process for making allegedly false filings with the Florida Bar's Unlicensed Practice of Law Department ("Count 6"), (7) abuse of judicial process for making allegedly false filings in a lawsuit in Florida state court ("Count 7"), (8) defamation ("Count 8"), (9) intentional infliction of emotional distress ("Count 9"), (10) defamation ("Count 10"), (11) defamation ("Count 11"), (12) unjust enrichment ("Count 12"), (13) tortious interference with a business relationship ("Count 13"), (14) defamation ("Count 14"), (15) negligent supervision ("Count 15"), tortious interference

with a business relationship ("Count 16"), and (17) loss of consortium ("Count 17").[1] ECF No. 119.

But Counts 1 and 2 fail to state a claim, and in light of this, the Court lacks jurisdiction over the remaining Counts.

## Failure to State a Claim

To allege a cause of action for a federal Racketeer Influenced and Corrupt Organizations Act ("RICO") violation, "[a] private plaintiff . . . must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020).

Count 1 asserts that several, but not all, defendants committed federal RICO by committing extortion, wire fraud, and mail fraud against the plaintiff by sending emails to each other agreeing to make and by making allegedly false filings, between June 2023 and March 2025, before a Florida state court, a Delaware state court, the Florida bar, and the New York to the detriment of the plaintiff and third-parties whom the plaintiff represented. *See* ECF No. 119 ¶ 11-12, 78-99.

In short, these defendants allegedly "extort[ed] Plaintiff into leaving the employ of [his clients] and paying monies, specifically $25,000 and $475,000 to [these defendants] by utilizing meritless lawsuits, false felony [unlicensed practice of law] allegations, and false bar complaints in order to extort, financially decimate, publicly and professionally humiliate, and have the Plaintiff arrested, disbarred, and barred from practicing law in multiple jurisdictions, and bill and collect millions of

---

[1] Not every Count is alleged against every defendant.

dollars in legals fees by filing . . . multiple lawsuits, [unlicensed practice of law], and ethics complaints in multiple jurisdictions including FL, NY, and DE." ECF No. 119 ¶ 11.

The defendants alleged to have committed this RICO violation argue that Count 1 should be dismissed because the plaintiff has failed to allege (1) actionable predicate acts since, in the view of these defendants, filings with courts and state bar associations cannot constitute mail fraud, wire fraud, or extortion and (2) a pattern of racketeering activity. *See* ECF No. 161 at 5-10. Assuming without deciding that Count 1 sufficiently alleges a pattern of racketeering activity, it fails to allege actionable predicate acts.

Count 1 fails to sufficiently allege actionable predicate acts because the facts alleged are litigation activities that, as a matter of law, cannot constitute actionable predicate acts. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004) ("Although Raney alleges various specific complaints including mail fraud, extortion, and malicious prosecution, all of these relate to the alleged conspiracy to extort money through the filing of malicious lawsuits. We agree with the district court that Raney's argument is foreclosed by our recent decision in *United States v. Pendergraft*, 297 F.3d 1198 (11th Cir. 2002). . . . . [N]either the threat to litigate nor the fabrication of evidence behind the lawsuit made the action 'wrongful' within the meaning of 18 U.S.C. § 1951 and therefore [cannot] be a predicate act under RICO."); *see also id.* at 1088 n.2 ("In light of our decision in *Pendergraft*, we doubt that the filing of a lawsuit could ever be 'wrongful' for the purposes of RICO."); *Block v. Snohomish Cnty.*, No. C14-235RAJ, 2015 U.S. Dist. LEXIS 89393, at *25-29 (W.D. Wash. July 8, 2015) (concluding that the filing of an allegedly false bar complaint is not an actionable predicate act).

Moreover, Count 1 does not allege that the defendants implicated actually obtained the plaintiff's property with the plaintiff's consent, which is required for extortion. *See* 18 U.S.C.

§ 1951 (b)(2) ("The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.").

Thus, Count 1 fails to state a claim for a federal RICO violation. And because Count 1 fails to state a claim for a federal RICO violation, Count 2—alleging a conspiracy to commit a federal RICO violation—also necessarily does not state a claim. *See Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1311 (11th Cir. 2000) ("If the underlying cause of action is not viable, the conspiracy claim must also fail." (quoting *Allied Supply Co., Inc. v. Brown*, 585 So. 2d 33, 36 (Ala. 1991))).

## Jurisdiction

The second amended complaint asserts that this Court has subject matter jurisdiction over this action under both 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), and 28 U.S.C. § 1367 (supplemental jurisdiction). ECF No. 119 ¶ 6-7.

The second amended complaint, however, does not allege sufficient facts for the Court to determine the citizenships of the defendants. *See* ECF No. 119 ¶ 1-4; *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (explaining that a complaint must allege the "citizenship" of an individual for purposes of diversity jurisdiction); 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen in its place of incorporation and principal place of business); *Mallory & Evans Contractors & Engs., LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (explaining that LLCs and partnerships are citizens in every state where their respective members or partners are citizens).

4

Thus, the Court cannot exercise diversity jurisdiction over the second amended complaint. *See Travaglio*, 735 F.3d at 1269 ("[I]f a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.").

Moreover, because Counts 1 and 2—*the only Counts arising under federal law*—fail to state a claim, the Court declines to exercise supplemental jurisdiction over the remaining 15 Counts. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction"); *see also Raney*, 370 F.3d at 1089 ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

## Conclusion

Therefore, it is **ORDERED AND ADJUDGED**:

1. The motion to dismiss at issue [ECF No. 161] is **GRANTED**.

2. The second amended complaint [ECF No. 119] is **DISMISSED WITHOUT PREJUDICE**.

3. The plaintiff may file an amended complaint within **14 days** of the issuance of this order.

4. The remaining motions to dismiss [ECF Nos. 131 & 185], as well as the plaintiff's motion for oral argument on one of these motions to dismiss [ECF No. 200], are **DENIED AS MOOT**.

**ORDERED** in Chambers in West Palm Beach, Florida, this 17th day of February 2026.



ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:

**Albert J. Santoro, Esq.**
c/o The Bear Firm, P.C.
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Email: asantoro@bearfirm.law

**Amber C. Dawson**
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Steet
Suite 2600
Fort Lauderdale, FL 33301
954-939-3558
Email: amber.dawson@lewisbrisbois.com

**Cheryl Lorraine Wilke**
Lewis Brisbois Bisgaard & Smith
110 SE 6th Street
Ste 2600
Fort Lauderdale, FL 33301
954-495-2220
Fax: 954-728-1282
Email: cheryl.wilke@lewisbrisbois.com

**Edward Samuel Polk**
Cole, Scott & Kissane, P.A.
9150 South Dadeland Blvd.
Suite 1400
Miami, FL 33156
305-350-5338
Fax: 305-373-2294
Email: edward.polk@csklegal.com

**Doron Weiss**
Victor Shaw McCue
5200 Waterford District Drive
Suite 790
Miami, FL 33126
305-675-1771
Email: dweiss@victorshawlaw.com

**Gonzalo Barr**
Gonzalo Barr
DeMahy Labrador Drake & Cabeza
806 Douglas Road

Ste 12th Floor
Coral Gables, FL 33134
305-443-4850
Fax: 305-443-5960
Email: gbarr@dldlawyers.com

**Richard Mathew Jones**
Freeman Mathis & Gary, LLP
9130 S. Dadeland Blvd
Ste 2000
Miami, FL 33156
305-670-3700
Email: richard.jones@fmglaw.com

**Stinelly Pena**
Freeman Mathis , Gary LLP
9130 South Dadeland Boulevard
Suite 2000
Miami, FL 33156
7862615587
Email: stinelly.pena@fmglaw.com

**David Alan Rothstein**
Dimond Kaplan & Rothstein
2665 South Bayshore Drive
PH-2B
Coconut Grove, FL 33133
305-374-1920
Fax: 374-1961
Email: drothstein@dkrpa.com

**Alexander Manuel Peraza**
Dimond Kaplan & Rothstein P.A.
2665 S Bayshore Drive
Ste Ph-2b
Coconut Grove, FL 33133
305-374-1920
Fax: 305-374-1961
Email: aperaza@dkrpa.com

**Katharine Clancy Moore**
Dimond Kaplan , Rothstein
2665 S. Bayshore Dr.
Penthouse 2B
Miami, FL 33133

3053741920
Email: kmoore@dkrpa.com

**Gerard Stephen Collins**
Kaye Bender Rembaum, PL
1200 Park Central Blvd. South
Pompano Beach, FL 33064
(954) 928-0680
Fax: (954) 772-0319
Email: Gcollins@kbrlegal.com

**Spencer Hal Silverglate**
Clarke Silverglate, P.A.
799 Brickell Plaza
9th Floor
Miami, FL 33131
305-377-0700
Fax: 305-377-3001
Email: ssilverglate@cspalaw.com

**Ana Verena Sarmento Nigro**
Clarke Silverglate
5301 Blue Lagoon Drive
9th Floor
Miami, FL 33126
9292750734
Email: asarmento@cspalaw.com

**Brendan Stuart Everman**
Pryor Cashman LLP
Florida
255 Alhambra Circle
Suite 800
Miami, FL 33134
786-582-3007
Fax: 786-582-3004
Email: beverman@pryorcashman.com

**Lauren Vanessa Ravelo**
Zinober, Diana, Monteverde P.A.
2400 E Commercial Blvd Ste 420
Ft Lauderdale, FL 33308
754-755-0150
Email: lauren@zinoberdiana.com

**Michael A. Monteverde**
Zinober Diana, P.A.
500 West Cypress Creek Rd
Suite 420
Fort Lauderdale, FL 33309
954-256-9288
Email: michael@zinoberdiana.com

**Marcus Antonio Nielsen**
Recor Rieber P.A.
848 Brickell Ave
Suite 1000
Miami, FL 33131
863-409-8042
Email: mnielsen@boydlawgroup.com

**Christopher David Brown**
Beasley, Demos & Brown LLC
201 Alhambra Circle
Suite 601
Coral Gables, FL 33134
305-669-3131
Fax: 305-442-4377
Email: cbrown@beasleydemos.com

**Walter Clark**
335 S. Biscayne Blvd, #2800
Miami, FL 33131
410-336-3572
Email: wclark@clarkcapitalfunding.com