UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22860-EA

ALBERT J. SANTORO, ESQ.,
Plaintiff,
v.
BRIAN L. TANNEBAUM, ESQ. et al.,
Defendants.



FILED BY ⬯ _____ D.C.

JUL 2 4 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANT WALTER L. CLARK'S REPLY IN FURTHER SUPPORT OF HIS
MOTION TO DISMISS COUNTS X AND XI OF THE THIRD AMENDED COMPLAINT**

TO THE HONORABLE COURT:

Defendant Walter L. Clark, proceeding pro se, respectfully submits
this Reply in further support of his Motion to Dismiss Counts X and
XI of the Third Amended Complaint (ECF No. 333).

------------------------------------------------------------------------

I. PROCEDURAL OBJECTIONS

------------------------------------------------------------------------

A. Plaintiff's Rule 12(b) Timeliness Argument

Plaintiff argues that Defendant's motion is procedurally barred because Defendant previously
answered the Third Amended Complaint. (ECF No. 334 at 4.) This argument misapprehends the
effect of Rule 12(h)(2). That Rule expressly preserves a failure-to-state-a-claim defense for
assertion "in any pleading allowed or ordered under Rule 7(a)," "by a motion under Rule 12(c),"
or "at trial." Fed. R. Civ. P. 12(h)(2). Defendant preserved the defense in his Answer (ECF
No.223) and now seeks its resolution. The Court's prior Order (ECF No. 218) addressed the
abandonment of Defendant's earlier motion, not the defense itself. Because Defendant preserved
the defense in his Answer pursuant to Rule 12(h)(2), the legal sufficiency of Counts X and XI
remains properly before the Court notwithstanding the procedural history of Defendant's earlier
motion.

B. Plaintiff's Rule 21 Duplication Argument

Plaintiff contends that portions of Defendant's Motion overlap with Defendant's pending Rule 21
Motion. (ECF No. 334 at 6.) While certain background facts overlap with Defendant's pending
Rule 21 Motion, the present Motion addresses an entirely separate issue—whether Counts X and
XI state legally sufficient claims under Rule 12. Resolution of one motion does not preclude

consideration of the other. To the extent the Court determines that any severance-related arguments are more appropriately resolved within the Rule 21 briefing already before the Court, Defendant respectfully defers to the Court's discretion.

---

## II. CITATION ERRORS

---

Plaintiff challenges several citations contained in Defendant's Motion and attaches a citation report as Exhibit A. (ECF No. 334 at 9–11; Exhibit A.) Defendant has independently reviewed the authorities cited in the Motion and determined that four citations were incorrect. Defendant withdraws reliance on those citations and respectfully requests that the Court disregard them. The applicable standards governing intentional infliction of emotional distress and defamation are established by controlling authority from the Florida Supreme Court and Florida District Courts of Appeal, including *Metropolitan Life Insurance Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985), *Richard v. Gray*, 62 So. 2d 597 (Fla. 1953), and *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008), together with the other verified authorities cited in this Reply and Defendant's Motion. The Court's analysis should therefore focus on whether Plaintiff's factual allegations satisfy those controlling legal standards rather than on the withdrawn citations. **Defendant submits this Reply in the interest of candor and to ensure that the Court's analysis is based solely upon verified controlling authority.**

Defendant also acknowledges that the reference to "remand" in Section VII of the Motion was imprecise. Because this action originated in federal court, remand is not an available remedy. To the extent the Court declines to exercise supplemental jurisdiction over Defendant's remaining state-law claims, the appropriate relief would be dismissal without prejudice pursuant to 28 U.S.C. § 1367(c). Defendant respectfully clarifies the requested relief accordingly.

---

## III. COUNT X: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

---

Plaintiff argues that Count X sufficiently states a claim for intentional infliction of emotional distress. (ECF No. 334 at 7.) Even accepting the factual allegations as true, the Complaint fails to satisfy the governing legal standard.

A. The Allegations Do Not Meet the Outrageousness Standard

Plaintiff relies principally upon *Nims v. Harrison* to argue that alleged threats are sufficient. (ECF No. 334 at 7.) *Nims*, however, involved allegations of repeated threats to kill the plaintiff and rape her children. The allegations contained in the Third Amended Complaint do not rise to the extraordinary level of conduct recognized in *Nims*. The Florida Supreme Court has emphasized that IIED is reserved for only the most extreme and outrageous conduct. See *McCarson*, 467 So. 2d at 278–79.

## B. The Distress Allegations Are Conclusory

Plaintiff argues that Rule 8 does not require medical records or treatment to plead emotional distress. (ECF No. 334 at 8.) That is correct as far as it goes, but it does not excuse conclusory pleading. The Third Amended Complaint pleads "immediate anxiety, terror, fear" and "substantial emotional, mental, and physical damages" without factual specificity. Under *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), "labels and conclusions" and "naked assertions" do not state a claim. The allegations remain conclusory and fail to plausibly plead severe emotional distress as required under Twombly and Iqbal.

## IV. COUNT XI: DEFAMATION

Plaintiff argues that the Third Amended Complaint states a claim for defamation with specificity. (ECF No. 334 at 8.) The Complaint, however, fails to satisfy the governing legal standard.

### A. Falsity Is Pled Conclusorily

Plaintiff argues that the Complaint sufficiently alleges the speaker, words, audience, falsity, and defamatory meaning. (ECF No. 334 at 8.) While the Complaint identifies certain factual details, it merely labels the statement as false without pleading supporting factual allegations that render the assertion plausible under Rule 8. Under Twombly and Iqbal, a conclusory allegation of falsity is insufficient to state a claim.

### B. The Statement Is Susceptible to Innocent Construction

Plaintiff argues that the alleged statement constitutes a verifiable accusation of criminal conduct rather than opinion or rhetorical hyperbole. (ECF No. 334 at 8.) The alleged statement, even as alleged in the Third Amended Complaint, is susceptible to differing interpretations and therefore does not necessarily constitute an objectively verifiable assertion of fact. See *Jews for Jesus, Inc. v. Rapp,* 997 So. 2d 1098, 1109 (Fla. 2008) (statements must be susceptible of defamatory meaning and not reasonably construed as opinion).

## V. CONCLUSION

Plaintiff's opposition focuses extensively on procedural history, characterization of prior filings, and disputes concerning citation errors. None of those arguments cures the pleading deficiencies identified in Counts X and XI. The issue before the Court remains whether the Third Amended Complaint plausibly alleges facts sufficient to satisfy the elements of intentional infliction of emotional distress and defamation under Florida law.

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion to Dismiss Counts X and XI, or grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Walter L. Clark
Walter L. Clark
Defendant, Pro Se
Email: wclark@clarkcapitalfunding.com
Phone: 305-432-5151

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of July 24th, 2026, a true and correct copy of the foregoing was filed in person with the Clerk of Court, who will transmit notice to all CM/ECF registered parties.

/s/ Walter L. Clark
Walter L. Clark